**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**


STEPHAN CORDOVA,

      Plaintiff,

v.                                                                                  No. 11-cv-806 GBW/ACT

MATTHEW HOISINGTON, KEVIN KEES,
AND JAMES FOX,

      Defendants.


## ORDER ON THE PARTIES' MOTIONS IN LIMINE AND ON
## PLAINTIFF'S MOTION TO BIFURCATE


This matter is before the Court on Plaintiff's Motions in Limine I–VI (*Docs. 174, 177, 172, 175, 179 & 178*), Plaintiff's Motion to Bifurcate (*Doc. 173*), and Defendants' Motions in Limine I–VII (*Docs. 161, 162, 163, 164, 165, 166 & 167*). The Court, having considered the parties' briefing and arguments at the Pretrial Conference, and being otherwise fully advised, hereby rules as follows:  Plaintiff's Motions in Limine III, IV, and VI are GRANTED, Plaintiff's Motion in Limine I is GRANTED IN PART, Plaintiff's Motion in Limine II and Plaintiff's Motion to Bifurcate are DENIED, Defendants' Motions in Limine I, II, V, VI and VII are GRANTED, and Defendants' Motion in

Limine III is GRANTED IN PART.[1]  The Court will rule on Plaintiff's Motion in Limine

V and Defendants' Motion in Limine IV via separate order.

## I.    PLAINTIFF'S MOTIONS IN LIMINE & MOTION TO BIFURCATE

### A.  Plaintiff's Motion in Limine I to Exclude Evidence of "Suicide by Cop" and Evidence of Plaintiff's Suicidal Ideations (*Doc. 174*)

In his Motion in Limine I, Plaintiff moves to exclude all evidence that he

intended to commit "suicide by cop" as irrelevant to liability or to whether the officers'

use of force was reasonable.  Plaintiff argues that, because the officers had no

knowledge of Plaintiff's state of mind at the time of the shooting, Plaintiff's subjective

intentions could not have influenced the decision to use deadly force. In addition,

Plaintiff seeks exclusion of any evidence regarding his mental health history, either for

liability purposes or for proving damages, as unfairly prejudicial under Federal Rule of

Evidence 403.

Defendants wish to submit, for both liability and damages, evidence that Plaintiff

attempted suicide on two occasions in the past: once at age 15 and once at age 25.

Further, they plan to introduce evidence indicating that Plaintiff was suicidal during the

day leading up to the shooting. Defendants contend that this evidence lends credibility

---

[1] This order memorializes the oral rulings made in the Pre-Trial Conference held on January 14, 2014.  If there are any discrepancies between those rulings and this order, counsel should raise the issue with the Court immediately.

to their version of events and their position that Plaintiff deliberately escalated the situation because he intended to commit suicide by cop.

The Court will permit Defense counsel to refer to "suicide" in their argument. Additionally, Sergeant Fox may explain his thought process leading up to the shooting, and may use the word "suicide." None of the officers, however, may refer to the ultimate shooting of Plaintiff as an instance of "suicide by cop."

With respect to Plaintiff's prior alleged suicide attempts, the defense may not introduce evidence of the suicide attempt at age 15 for purposes of liability or damages. Counsel may cross-examine Plaintiff regarding his alleged suicide attempt at age 25 to challenge Plaintiff's credibility as to liability, and may also use this evidence on the issue of damages. Finally, Defendants may introduce evidence of the events leading up to Plaintiff's shooting, beginning on the evening before the incident.

Plaintiff's Motion in Limine I is therefore granted in part and denied in part.

**B. Plaintiff's Motion in Limine II to Exclude After-Acquired Evidence (*Doc. 177*)**

Plaintiff seeks exclusion of a variety of evidence collected after the shooting, arguing that it is irrelevant because it was unknown to the officers at the time of the shooting and could not have impacted their decision to use deadly force. He wishes to exclude the following categories of evidence:

(i)      Evidence of Plaintiff's mental state;

(ii)     Plaintiff's prior use and knowledge of firearms;

(iii)    Photographs or details of the weapon Plaintiff was carrying;

(iv)    Plaintiff's conversations with friends and family members; and

(v)    Any other information not relayed to dispatch or known to the officers prior to the shooting

Defendants counter that this evidence as admissible because it serves to corroborate the officers' version of the shooting.

The Court denies Plaintiff's Motion in Limine II as to all five categories of evidence. Defendants are not limited to introducing evidence of information that had been related to dispatch or was known to the officers at the time of the shooting.

## C. Plaintiff's Motion in Limine III to Exclude Evidence of Police Standard Operating Procedures (*Doc. 172*)

Plaintiff's Motion in Limine III seeks to exclude evidence of police Standard Operating Procedures (SOPs) or police training. Defendants concur with the Motion, but request an affirmative ruling from the Court that officer experience, as opposed to training, be admissible. Plaintiffs have no objection to this proposal.

The Court grants Plaintiff's motion to exclude evidence of police SOPs and training, but will permit testimony regarding the officers' professional experience.

## D. Plaintiff's Motion in Limine IV to Exclude Officers' Lay Opinions Regarding the Identity of the Sound Heard Immediately Prior to Plaintiff's Shooting (*Doc. 175*)

Plaintiff's Motion in Limine IV concerns the sound heard on Officer Kees's belt tape approximately eight seconds before the first shot was fired at Plaintiff. Whereas Plaintiff contends the sound was a gunshot, Defendants maintain that it came from a

firework or firecracker. In Plaintiff's Motion, he seeks to exclude any testimony from the officers that affirmatively states that the source of the sound was a firecracker, or that expresses an expert opinion regarding the source of the sound.

The Court grants Plaintiff's Motion, and will not permit officers to state with certainty that the sound came from a firework, or state that they have any scientific basis for believing that the source of the sound was a firework. They may, on the other hand, state that the sound heard prior to the shooting "sounded like" a firework, or that they "thought" it was a firework.

### E. Plaintiff's Motion in Limine VI to Exclude Expert Testimony of Dr. Beaudette (*Doc. 178*)

Plaintiffs seek to exclude the testimony of Defendants' expert on eyesight, Dr. Beaudette. In his expert report, Dr. Beaudette states that an individual's vision denigrates in a logarithmic scale so that an individual's perception 390 feet away from an object is only 16% of what it would be 20 feet away. Based on this fact, he concludes that it is extremely unlikely that an individual 400 feet away from Plaintiff at the time of the shooting would have been able to discern whether Plaintiff had an object in his right hand.

Plaintiff argues that Dr. Beaudette's opinion is not reliable and does not aid the jury. Dr. Beaudette does not take into account important factors such as the size of the object being perceived, the level of visibility, or Plaintiff's movement. Moreover, he does not adequately describe his method or whether it has been peer-reviewed.

Plaintiff's Motion in Limine IV is granted. Defendants will not be permitted to introduce the expert testimony of Dr. Beaudette.

### F. Plaintiff's Motion to Bifurcate Trial (*Doc. 173*)

Plaintiff seeks a motion to bifurcate the trial on the issues of liability and damages. In support of his motion, he states that evidence prejudicial to Plaintiff, such as evidence of his mental health history, may be admissible to determine damages but not to determine liability. Further, he argues that bifurcation would serve judicial economy because, if a jury finds Defendants not liable, there would be no need to present evidence of damages.

The Court finds that there is no evidence that is: (a) admissible regarding damages, (b) not admissible regarding liability, and (c) would be unduly prejudicial as to the liability question. Plaintiff's Motion to Bifurcate is therefore denied.

## II. DEFENDANTS' MOTIONS IN LIMINE

### A. Defendants' Motion in Limine I to Admit Evidence of Events Preceding the Shooting (*Doc. 161*)

Defendants move to admit evidence regarding the events that preceded the shooting of Plaintiff on July 30, 2008, beginning with the onset of Plaintiff's illness the previous evening. Defendants contend that Plaintiff's illness is relevant to the credibility of his testimony about the shooting.

The Court grants Defendants' Motion in Limine I and will permit Defendants to introduce evidence of the events leading up to the shooting. *See also* Plaintiff's Motion in Limine I, *supra*.

### B. Defendants' Motion in Limine II to Exclude Evidence of Police SOPs, Training, and Less Intrusive Alternatives (*Doc. 162*)

Defendants seek to exclude evidence of police Standard Operating Procedures (SOPs) and training, as well as evidence of less intrusive alternatives to deadly force. Defendants argue that this evidence is not relevant because "violation of state law and standard police procedures will not turn an otherwise constitutional use of force into a . . . 1983 violation." *Doc. 162* at 3.

Plaintiff concurs with Defendants' Motion, and the Court grants the Motion.

### C. Defendants' Motion in Limine III to Exclude Evidence of Use of Force in Unrelated Incidents (*Doc. 163*)

Defendants seek to exclude evidence that the officers used excessive force on prior occasions as improper character evidence. Plaintiff concurs with the majority of Defendants' motion, but argues that he should be permitted to introduce evidence that Sergeant Fox had been involved in prior investigations involving police shootings to show knowledge of investigative procedures under Federal Rule of Evidence 404(b). He alleges that Sergeant Fox called another officer on his cell phone after the shooting despite his knowledge of the protocol that officers should be separated following a shooting and should not speak to one another. Plaintiff contends that Sergeant Fox

knew this rule based on his prior experiences with investigations, and seeks to use this evidence to suggest that Sergeant Fox had an improper motive for calling another officer on his cell phone.

The Court will not permit Plaintiff to state that Sergeant Fox was investigated as a shooter in prior police shooting investigations. However, if Sergeant Fox denies knowledge of the investigatory protocol of separating witness officers after a police shooting while he is on the stand, Plaintiff may, on cross-examination, impeach him by suggesting he should know of the protocol based on his involvement as a witness in prior police shooting investigations.

Defendants' Motion in Limine III is therefore granted in part and denied in part.

### D. Defendants' Motion in Limine V to Admit Evidence of Plaintiff's Prior and Recent Drug Use (*Doc. 165*)

Defendants move to introduce evidence of Plaintiff's prior drug use as relevant to his perception of events at the time of the incident and his present ability to remember events. Defendants also wish to present this evidence to determine damages.

Plaintiff seeks exclusion of this evidence on relevance grounds, and also contends that it is unfairly prejudicial under Federal Rule of Evidence 403. He argues that evidence of prior drug use is inadmissible with respect to his perception of the shooting, as there is no evidence that he was under the influence of drugs at that time. Plaintiff also contends that Defendants have no basis for concluding that Plaintiff's past drug use affected his current memory.

The Court will admit evidence of Plaintiff's prior drug use both to challenge Plaintiff's credibility as to liability, and for damages. Defendants' Motion in Limine V is therefore granted.

### E. Defendants' Motion in Limine VI to Exclude Officers' Post-Shooting Conduct (*Doc. 166*)

In Defendants' Motion in Limine VI, they seek to affirmatively exclude evidence of the officers' post-shooting conduct that formed the basis of Plaintiff's dismissed claims. In particular, they argue that there is no admissible purpose for evidence that the officers: (a) improperly denied Plaintiff visitation while he was in the hospital, (b) attempted to interview Plaintiff without an attorney in violation of his rights, (c) improperly moved him from the hospital in violation of a court order, (d) denied him arraignment or bail, or (e) falsely reported that Cordova moved a handgun in their direction. Defendants concede that certain evidence, such as evidence that Plaintiff received improper care while at the prison hospital, may be admissible to determine damages. Plaintiff does not object to the Motion.

The Court finds Defendants' Motion well taken, and grants the Motion.

### F. Defendants' Motion VII to Exclude Expert Evidence of the Unknown Sound on Officer Kees's Belt Tape (*Doc. 167*)

Defendants seek to exclude testimony of Gregg Stuchman, Plaintiff's forensic audio analyst expert. Mr. Stuchman will testify that the sound heard on Officer Kees's belt tape approximately eight seconds before the shooting was, in fact, a gunshot.

Defendants argue that this testimony is unhelpful to jurors, who are capable of making common-sense determinations regarding the likely source of this sound. They also claim Mr. Stuchman's opinion is unreliable because he fails to account for alternative explanations, does not adequately take into account the circumstances surrounding the sound, and did not create a sufficient number of exemplar recordings to compare to the unknown sound.

Plaintiff filed no written response to this motion, but concurred with the Motion at the Pretrial Conference. The Motion will, therefore, be granted.

## III.   CONCLUSION

Wherefore, Plaintiff's Motions in Limine III, IV, and VI are GRANTED, Plaintiff's Motion in Limine I is GRANTED IN PART, Plaintiff's Motion in Limine II and Plaintiff's Motion to Bifurcate are DENIED, Defendants' Motions in Limine I, II, V, VI and VII are GRANTED, and Defendants' Motion in Limine III is GRANTED IN PART.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**