IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHAN CORDOVA,

    Plaintiff,

v.                                        No. 11-cv-806 GBW/ACT

MATTHEW HOISINGTON, KEVIN KEES,
AND JAMES FOX,

    Defendants.

## **ORDER GRANTING DEFENDANTS' MOTION IN LIMINE No. IV**

This matter is before the Court on Defendants' Motion in Limine No. IV: The Exclusion of Evidence at Trial Related to Sergeant Fox's Extramarital Affair (*Doc. 164*). The Court, having considered the parties' briefing (*docs. 164, 189*) and arguments at the Pretrial Conference, and being otherwise fully advised, will grant the motion.

Apparently, on the date of the shooting, Defendant Fox was involved in an extramarital affair. Plaintiff seeks to cross-examine Defendant Fox about it.[1] Plaintiff has presented no evidence of the length of the affair, nor of any specific lie told in its furtherance. Plaintiff does argue that any such affair would involve multiple lies of both commission and omission.

---

[1] In his response, Plaintiff cites to Federal Rule of Evidence 404(b) which, if applicable, may permit the introduction of extrinsic evidence of the affair. However, neither Plaintiff's response nor his pretrial conference argument indicate an intent to introduce extrinsic evidence on this topic.

1

One salient fact about the affair is in some dispute. In response to the motion, Plaintiff asserts that Defendant Fox called both his paramour and his wife "back-to-back" shortly after the shooting. *Doc. 189* at 3. According to Plaintiff, "the ability to talk almost simultaneously with one's wife and one's paramour without any sense of betrayal or faithlessness goes beyond merely having an affair and lying about it – it is sociopathic behavior and fruitful grounds for inquiry." *Doc. 189* at 8. Defendants vigorously dispute these characterizations, pointing to the fact that the phone calls between Defendant Fox's paramour and his wife were approximately two hours apart[2] and the fact that Defendant Fox did indeed struggle mightily with the immorality of the affair. *See doc. 189*, Ex. 1 (39:18-40:24).

Plaintiff's argument for permitting this cross-examination topic is that Defendant Fox's credibility is central to the case. First, Plaintiff's theory of the case relies on the jury disbelieving Defendant Fox's account of the shooting. Second, Plaintiff seeks to persuade the jury that Defendant Fox improperly influenced the accounts given by the other officers on the scene. The Court agrees that the jury's opinion of Defendant Fox's credibility will have a significant impact on their decision.

Both parties discuss the application of Federal Rule of Evidence 404(b) to the issue. Rule 404(b) deals with the handling of evidence of other crimes, wrongs or acts, making such inadmissible to show conformity therewith but allowing such for certain other limited purposes. While not exhaustive, the rule lists permissible purposes as:

---

[2] This representation was made at the pretrial conference and was not disputed by Plaintiff.

motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b). Plaintiff contends that cross-examination of Defendant Fox regarding the affair would fall within a permissible purpose under this rule – impeachment of a witness. Admittedly, there is some support for the proposition that challenging the truthfulness of a witness is a permissible "other purpose" under Rule 404(b). *See United States v. Lara*, 956 F.2d 994, 997 (10th Cir. 1992). However, this approach has been criticized because Rule 608 is the specific rule applicable to attacks on the truthfulness of a witness.[3] *See United States v. Davis*, 183 F.3d 231, 257 n.11 (3d Cir. 1999); *Serafinn v. Local 722*, 597 F.3d 908, 915 (7th Cir. 2010) ("Rule 404 permits their admission for 'other purposes,' . . . including to attack the credibility of a witness' testimony by means **other than attacking the witness' general character for truthfulness**, which is prohibited by Rule 609") (emphasis added); *United States v. Mangiameli*, 668 F.2d 1172, 1175-76 (10th Cir. 1982) ("proffered evidence was calculated more to prove [witness's] general character for veracity than to show motive or plan. Accordingly, the evidence should have been offered under Rule 404(a)(3) which permits the admission of evidence of the character of a witness subject, however, to the provisions of Rule 608"). Regardless of whether Rule 404(b) is relevant, Plaintiff

---

[3] There is another more fundamental reason why attacking the truthfulness of a witness should not be permissible under Rule 404. At its heart, Rule 404 prohibits evidence of a person's character or character trait to show that "on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Rule 404(b) simply stands for the proposition that character evidence may be admitted "for another purpose" – that is, the proponent of the evidence is not seeking to show that they acted in conformity with the character or trait, but instead has another theory of relevance. But, with respect to evidence of a witness's character for untruthfulness, the proponent of the evidence is in fact seeking to show that the witness is acting in conformity with their character for untruthfulness, i.e. that the witness is lying. So, impeachment of a witness based on showing a character of untruthfulness is not "another purpose" as described in 404(b), it is **the** prohibited purpose described in 404(a).

correctly concedes that evidence of Defendant Fox's affair would be specific act evidence used to attack a witness's character for truthfulness and thus would be subject to the limitations of Rule 608(b). *See doc. 189* at 9; *see e.g., Lara*, 956 F.2d at 997 (permitting cross-examination, but not admitting extrinsic evidence). As such, the Court must first determine whether the proposed cross-examination is permitted under Rule 608.

Under Rule 608(b), "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness." Fed. R. Evid. 608(b). Plaintiff seeks to cross-examine Defendant Fox to establish "his ability to tell lies and keep secrets." *Doc. 189* at 10. In other words, Plaintiff seeks to show Defendant Fox's character for untruthfulness to support the proposition that he is being untruthful with the jury.

The first question under Rule 608(b) is whether the specific instance of the witness's conduct – in this case the extramarital affair – is probative of the character for truthfulness or untruthfulness of Defendant Fox. Plaintiff makes the straightforward argument that any secret extramarital affair involves a pattern of lies to ensure its concealment. As such, a person's ability to conduct one is probative of untruthfulness. To be sure, if this Court were operating from a clean slate, this logic would be compelling. However, this contention has been addressed in numerous contexts and by

numerous courts, and has been overwhelmingly rejected.  *See United States v. Thiongo*, 344 F.3d 55, 60 (1st Cir. 2003) ("Evidence Defendant bore the man's child while married to another does not appear to be relevant or probative of Defendant's truthfulness or untruthfulness."); *United States v. Stone*, 472 F.2d 909, 916 (5th Cir. 1973) ("Attempted impeachment of [witness] by proof of [marital] infidelity would have been impermissible."); *Montoya v. City of Albuquerque*, No. 03-261, 2004 WL 3426435, at *3 (D.N.M. May 18, 2004) ("[E]vidence [of witness's extramarital affair] would be inadmissible to show that [witness] . . . is untruthful."); *United States v. Ulloa*, 942 F. Supp. 2d 202, 207 (D.N.H. 2013) ("instance of marital infidelity, standing alone, has no value in evaluating [witness's] character for truthfulness or untruthfulness"); *State v. Moses*, 726 A.2d 250, 252-53 (N.H. 1999); *State v. Young*, 631 S.E.2d 235, 236 (N.C. Ct. App. 2006).  For his part, Plaintiff has not cited a single case to the contrary.

There is nothing particularly unusual about what is known about Defendant Fox's affair with a co-worker.  As such, having reviewed the considered opinions above, the Court holds that Defendant Fox's extramarital affair is insufficiently probative of a character for untruthfulness to permit cross-examination on that topic under Rule 608(b).

Wherefore, Defendants' Motion in Limine No. IV is GRANTED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**