IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHAN CORDOVA,

    Plaintiff,

v.                                                          No. 11-cv-806 GBW/ACT

MATTHEW HOISINGTON, KEVIN KEES,
AND JAMES FOX,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE No. V

This matter is before the Court on Plaintiff's Motion in Limine No. V to Exclude Expert Testimony Regarding Police Training and Purported Compliance with the Fourth Amendment Reasonableness Standard (*Doc. 179*). The Court, having considered the parties' briefing (*docs. 179, 192*) and arguments at the Pretrial Conference, and being otherwise fully advised, will grant the motion in part and deny it in part.

Plaintiff objects to any testimony from Defendants' use of force expert, Mr. Grossi. Plaintiff does not argue that Mr. Grossi lacks the necessary qualifications[1] or a reliable methodology. Instead, Plaintiff argues that his testimony improperly invades the province of the jury by testifying to the ultimate issue at hand and is otherwise irrelevant.

---

[1] Plaintiff does note that Mr. Grossi "is not an expert on eye witness testimony." *Doc. 179* at 3. This position is not disputed by Defendants and the Court would not permit Mr. Grossi to testify as an expert on that subject.

1

Indeed, it was once true that witnesses were prohibited from giving their opinions or conclusions on an ultimate issue of fact. This doctrine was based on the belief that such testimony would usurp the function of the jury or at least invade their province. 1 K. Brown, *McCormick On Evidence* § 12 (6th ed. 2006 update). However, this rule has been abolished by the Federal Rules of Evidence which provide that an "opinion is not objectionable just because it embraces the ultimate issue." Fed. R. Evid. 404(a). Nonetheless, "an expert may not state legal conclusions drawn by applying the law to the facts." *A.E. by and through Evans v. Independent School Dist. No. 25, of Adair County, Okla.*, 36 F.2d 472, 476 (10th Cir. 1991).

Generally speaking, Defendants seek to have Mr. Grossi give his opinion that, under the facts as described by Defendants, their use of deadly force was appropriate under the circumstances. Courts generally allow experts in this area to state such an opinion. *See e.g.*, *Zuchel v. City and County of Denver*, 997 F.2d 730, 742 (10th Cir. 1993); *see also Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1250 (10th Cir. 2013) ("There were certainly alternative ways to ensure the jury connected the dots from the objective facts to the conclusion that force was warranted. A police practices expert could have testified that under the circumstances faced by [the particular officer] a reasonable officer would have concluded that [the individual] was a threat and used similar force."). In *Kopf v. Skyrm*, the Fourth Circuit explained one basis for permitting such expert testimony:

> As a general proposition, the "objective reasonableness" standard may be comprehensible to a lay juror. On the other hand, any "objective" test

2

implies the existence of a standard of conduct, and, where the standard is not defined by the generic-a reasonable *person*-but rather by the specific-a reasonable *officer*-it is more likely that Rule 702's line between common and specialized knowledge has been crossed.

993 F.2d 374, 378 (4th Cir. 1993) (emphasis in original).

The two primary bases of Mr. Grossi's opinion are the application of the Use of Force (or Control) Continuum and the realities of perception, response and reaction time. These topics fall more within the specialized knowledge of law enforcement officers and outside the common knowledge of lay jurors. As they would inform the conduct of a reasonable officer on the use of deadly force, these topics are appropriate for expert testimony.

In various parts of his report, Mr. Grossi makes reference to nationally-recognized standards. *See e.g. doc. 179*, Ex. 1 ¶ 56. It would appear that he seeks to testify that the officers acted in conformity with those standards and that the officers' conduct was therefore reasonable. The Tenth Circuit has repeatedly referred to standard operating procedures and law enforcement standards as irrelevant to the reasonableness inquiry of the Fourth Amendment. *See Tanberg v. Sholtis*, 401 F.3d 1151, 1163-64 (10th Cir. 2005); *Marquez v. City of Albuquerque*, 399 F.3d 1216, 1221-22 (10th Cir. 2005). Moreover, the Tenth Circuit has opined that testimony about procedures and standards confuses rather helps the jury. *Id.* As such, the Court will prohibit Mr. Grossi

from testifying about nationally-recognized standards or his opinion that the officers complied with them.[2]

As noted above, "an expert may not state legal conclusions drawn by applying the law to the facts." *Evans*, 36 F.2d at 476. In this case, the relevant legal question is whether, given the facts as the jury finds them, the officers' conduct was objectively reasonable as described in cases such as *Graham v. Connor*. The framing of a number of Mr. Grossi's opinions explicitly state a legal opinion drawn by applying the law to the facts as he assumes them. *See e.g., doc. 179*, Ex. 1 ¶ 46 ("use of deadly force … was … objectively reasonable"), ¶ 56 ("use of deadly force … [was] … objectively reasonable and within the nationally accepted standards of the law enforcement industry"); ¶ 69 ("actions of [officers] were well within guidelines of … Tennessee v. Garner and Graham v. Connor"); ¶ 70 ("conduct and actions of all three officers were … objectively reasonable"). Therefore, testimony as to these portions of Mr. Grossi's opinions would be improper and will be excluded.

Mr. Grossi's report also expresses opinions regarding why he thinks the events unfolded as the officers described. *See id.*, ¶¶ 54, 55. While counsel may make such arguments to persuade the jury of the accuracy of the officers' accounts, such testimony

---

[2] The undersigned echoes Judge Browning's thoughts on the potential distinction between testimony about violations of standards to establish a constitutional violation and testimony about compliance with standards to show the lack thereof. *See Vondrak v. City of Las Cruces*, 2009 WL 3241555, *17 (D.N.M. Aug. 25, 2009). As Judge Browning noted, "[b]ecause established practices are, perhaps, more protective of arrestee's rights arguably does not mean that they are irrelevant to a Fourth Amendment inquiry…." *Id.* Nonetheless, without further guidance on this point from the Tenth Circuit, the undersigned considers it the better approach to exclude "standards" testimony from Mr. Grossi under the facts of this case.

4

from an expert would be improper bolstering. As such, he will not be permitted to testify as to these opinions.[3]

Based on the foregoing, the Court will permit Mr. Grossi to testify regarding the Use of Force (or Control) Continuum and the realities of perception, response and reaction time. He can express his opinion that, based on the officers' description of events, the use of deadly force was "justified," "proper," and/or "appropriate." He may not testify that it was "reasonable" or consistent with law enforcement standards or meets the legal standards established by the Supreme Court.[4] He may not testify about why he finds the officers' accounts more credible than alternatives. Finally, the Court will exclude as irrelevant any opinions about the investigation as detailed in paragraphs 57-67 of Mr. Grossi's report.

Wherefore, Plaintiff's Motion in Limine No. V is GRANTED in part and DENIED in part.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**

---

[3] Mr. Grossi's opinions are based upon the officers' version of events. On cross-examination, Plaintiff's counsel may of course highlight this fact. However, if Plaintiff's counsel challenges the wisdom of accepting the officers' accounts, then he will risk opening the door to this testimony.

[4] For example, the opinion laid out in paragraph 70 would be permitted excluding the words "and objectively reasonable." *Doc. 179*, Ex. 1 ¶ 70. Moreover, Mr. Grossi should take care not to use the term "reasonable" even when describing his underlying rationale. *See id.*, ¶ 50.