IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHAN CORDOVA,

    Plaintiff,

v.                                                                                      No. 11-cv-806 GBW/WPL

MATTHEW HOISINGTON, KEVIN KEES,
AND JAMES FOX,

    Defendants.

## ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW ON HIS CLAIM OF EXCESSIVE FORCE AGAINST DEFENDANTS

This matter is before the Court on Plaintiff's Renewed Motion for Judgment as a Matter of Law on his Claim of Excessive Force against Defendants (*Doc. 265*). The Court, having considered the parties' briefing (*docs. 268, 270*) and being otherwise fully advised, will deny the motion.

## LEGAL STANDARD

Plaintiff brings his motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). Judgment as a matter of law is warranted "only when the evidence presented at trial does not permit a reasonable jury to find for the non-movant." *Manzanares v. Higdon*, 575 F.3d 1135, 1142 (10th Cir. 2009) (citations omitted). In other words, it is appropriate only if the evidence, viewed in the light most favorable to the nonmoving party, "points but one way and is susceptible to no reasonable inferences supporting the nonmoving party." *Hysen v. Burlington N. Santa Fe Ry. Co.*,

1

530 F.3d 1260, 1269 (10th Cir.2008) (quotation omitted). In deciding a Rule 50(b) motion, the Court must "not weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury." *Manzanares*, 575 F.3d at 1142. Significantly, a Rule 50(b) motion should be "cautiously and sparingly granted." *Zuchel v. City and Cty. of Denver*, 997 F.2d 730, 734 (10th Cir. 1993) (citations omitted).

**ANALYSIS**

Plaintiff's argument is straight-forward. He contends that (i) the law clearly requires, if feasible, a warning that includes a threat of deadly force; (ii) the circumstances in this case made such a warning feasible; and (iii) the officers failed to give such a warning. Therefore, he contends, he is entitled to judgment as a matter of law.

Viewing the evidence in the light most favorable to Defendants, when the officers confronted Plaintiff, they walked forward towards him with their service weapons drawn and pointing down in the direction of Plaintiff for several minutes. As the officers advanced, Plaintiff was walking backward away from them so that he could clearly see the officers with their guns drawn. Plaintiff then pulled his gun out of his pocket and held it at his side. In response to Plaintiff's action, Officer Fox stated, "John, drop the gun." A few seconds later, instead of dropping the gun, Plaintiff began raising it toward the officers. At that time, the officers shot Plaintiff.

## A. Requirement that the Warning Explicitly Contain Threat of Deadly Force

It is clearly established that, prior to employing deadly force, an officer must give "some warning." *Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985). The foundation of Plaintiff's motion is that the law clearly requires that "some warning" must include an explicit "statement of imminent destruction." Doc. 265 at 10. In other words, Plaintiff contends that, if "some warning" is feasible, its content must explicitly include the threat of the use of deadly force.

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.' We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (quoting *Anderson v. Creighton*, 107 S. Ct. 3034, 3039 (1987) and citing *Malley v. Briggs*, 106 S. Ct. 1092 (1986)). "For the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must be as plaintiff maintains." *Foote v. Spiegel*, 118 F.3d 1416, 1424 (10th Cir. 1997).

Unfortunately, as Plaintiff concedes, neither the Supreme Court nor the "Tenth Circuit has . . . spoken as [to] the content of the warning." Doc. 265 at 9. So, the first question is whether, under these circumstances, it is clearly established that Officer Fox's statement to drop the gun did not satisfy the requirement for "some warning."

While recognizing that no Tenth Circuit holding lays out the minimum content of the required warning, Plaintiff points to four Tenth Circuit opinions where the facts of the case involved an explicit threat to infer that such warnings are the minimum acceptable under the Constitution. The Court cannot agree that such an inference clearly establishes the law on the use of deadly force. Plaintiff's citation to out-of-circuit cases also fails to persuade the Court of his proposition. Of those cases, only one speaks strongly to the content of the requisite warning. *See Hulstedt v. City of Scottsdale*, 884 F. Supp. 2d 972, 991-992 (D. Ariz. 2012). Thus, at best, Plaintiff's position is clearly established in the Ninth Circuit. *See Deorle v. Rutherford*, 272 F.3d 1272, 1285 (9th Cir. 2001) (lack of "warning of the imminent use of such a significant degree of force"). This is a far cry from showing a "clearly established weight of authority from other courts." *Foote*, 118 F.3d at 1424.

Plaintiff contends that courts need not have spoken to the required content of the "warning" because the plain meaning of the word requires more than a "command" such as "Drop the gun." However, it would seem that, as with all issues involving excessive force, the decision regarding the sufficiency of the warning would be measured considering the totality of the circumstances. In the instant case, a reasonable jury could conclude that the officers gave "some warning" where they (i) had drawn their weapons; (ii) were pointing them down, but in the direction of Plaintiff and in plain view of Plaintiff; (iii) for an extended period of time; and (iv) gave the clear order

4

to drop the weapon. While the verbal statement could be described as only a "command," the other circumstances arguably transformed it into a serious warning.

Moreover, the Tenth Circuit has "treated orders to drop a weapon . . . as sufficient warning when '[e]vents were unfolding extremely quickly.'" *Samuel v. City of Broken Arrow*, 506 F. App'x 751, 754 (10th Cir. 2012) (quoting *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1311 (10th Cir. 2009)). Plaintiff attempts to deny the significance of these holdings by arguing that they are "tantamount to saying that 'no warning' need be given when events are unfolding quickly" and thus add nothing to the *Garner* warning analysis. *Doc. 265* at 8. However, this argument is contradicted by the clear language of the Tenth Circuit in *Samuel*, which refers to an order to drop a weapon as "sufficient **warning**" in certain circumstances. Perhaps these cases stand for the proposition that an order to drop a gun **only** constitutes sufficient warning where events are unfolding extremely quickly. If so, the Tenth Circuit will have established a three-category analysis: (1) no warning required when completely infeasible; (2) warning consisting of only order to drop weapon required where warning is feasible but events are unfolding extremely quickly; and (3) warning beyond a mere order to drop weapon required in any other case. In any event, these cases strongly undermine the argument that a "command" can never satisfy the "warning" requirement.

Based on the foregoing, the Court concludes that Plaintiff has failed to show that it is clearly established that, if any warning is feasible, it must always include an explicit "statement of imminent destruction." Instead, the law clearly requires "some warning,"

5

if feasible. The Court concludes that a reasonable jury could find that the officers satisfied the *Garner* requirement of providing "some warning" to Plaintiff prior to employing deadly force. If correct, this conclusion is fatal to Plaintiff's motion.

**B.** **Feasibility of Warning / Unfolding of Events**

Even assuming that *Garner* requires an explicit warning of the future use of deadly force when feasible, Plaintiff would not be entitled to judgment as a matter of law if the jury could have found that such a warning was not feasible, or that, under the circumstances, an order to drop the gun was sufficient. The Court concludes that the jury could have reasonably made either finding.

Plaintiff insists that it "is undisputed that giving a warning of imminent death to Plaintiff was feasible." *Doc. 265* at 11. Plaintiff reaches this conclusion by considering the passage of time from "Plaintiff's exiting of the residence . . . and Defendants' decision to shoot him [which] took over four minutes." *Id*. at 11-12. Certainly, a four minute span would be more than enough time to provide a full warning.

Plaintiff focuses on the wrong time span. The relevant period in deciding the feasibility of a warning starts when the officer decides that he will use deadly force based on the individual's current behavior. Any other approach would be illogical because it would require an officer to warn of the imminent use of deadly force when he had not yet determined to use it. On this point, a contrary example is useful. Consider if Plaintiff had pulled the gun from his pocket, just held it at his side and continued to move slowly backwards. Suppose an officer decided that, given the

6

totality of the circumstances, he was in imminent danger such that, if Plaintiff did not drop the weapon in accordance with their order, he would fire. If the status quo persisted for a meaningful period of time (*i.e.* Plaintiff did not raise the gun or otherwise increase his threat), a warning – even the "full" warning demanded by Plaintiff – would be feasible. So, even if deadly force would be otherwise justified, the officer could not, without giving a warning, fire his weapon if Plaintiff did nothing to change the nature of the threat. But here, a reasonable jury could have found that the officers did not decide to use deadly force until the moment Plaintiff began raising the gun at them. A reasonable jury could find that, once that action began, no warning was feasible.

      Plaintiff argues in the alternative that "Defendants also had every opportunity after Cordova allegedly pulled his weapon from his pocket to warn Cordova of imminent use of deadly force." *Id*. at 12. It is unclear how much time elapsed between when Plaintiff pulled out the gun and the officers fired. In their Response, Defendants argue that it was 4.7 seconds. *Doc. 268* at 8. The evidence would support such a finding and, of course, the Court must view the evidence in the light most favorable to Defendants on this point.[1] *See Riske v. King Soopers*, 366 F.3d 1085, 1087 (10th Cir. 2004). At the beginning of those 4.7 seconds, Officer Fox ordered Plaintiff to drop the gun. Plaintiff instead began raising the gun toward the officers. A reasonable jury could find that, during those 4.7 seconds, "[e]vents were unfolding extremely quickly" such that the order to drop the gun was sufficient warning. *Samuel*, 506 F. App'x at 754.

---

[1] In fact, the evidence would support the time being even shorter. At least one of the officers testified that Plaintiff pulled the firearm out of his pocket, brought it down, and then immediately began raising it toward the officers.

A reasonable jury could have found that the explicit warning demanded by Plaintiff was not feasible, or that, because events were unfolding extremely quickly, an order to drop the gun was sufficient. Therefore, even assuming that *Garner* requires an explicit warning of deadly force when feasible, Plaintiff is not entitled to judgment as a matter of law.

## CONCLUSION

Plaintiff has failed to establish that the evidence presented at trial does not permit a reasonable jury to find for Defendants. Wherefore, Plaintiff's Renewed Motion for Judgment as a Matter of Law on his Claim of Excessive Force against Defendants (*Doc. 265*) is DENIED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**