IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEPHAN CORDOVA,

    Plaintiff,

v.                                                    No. 11-cv-806 GBW/WPL

MATTHEW HOISINGTON, KEVIN KEES,
AND JAMES FOX,

    Defendants.

## ORDER SUSTAINING IN PART PLAINTIFF'S OBJECTIONS TO DEFENDANTS' BILL OF COSTS

This matter is before the Court on Plaintiff's Objections to Defendants' Cost Bill. *Doc. 264*. Having considered Defendants' Itemized Bill of Costs (*doc. 263*), Plaintiff's Objections (*doc. 264*), and Defendants' Reply (*doc. 267*), and being otherwise fully advised, the Court will SUSTAIN IN PART Plaintiff's objections, and hereby rules as follows.

### I.    STANDARD OF REVIEW

Defendants are the prevailing parties in this action and, as such, are entitled to costs under Federal Rule of Civil Procedure 54(d) "[u]nless a federal statute, these rules, or a court order provides otherwise. . . ." FED. R. CIV. P. 54(d). Rule 54 creates a "presumption . . . that the court should award the prevailing party costs . . . ." *A.D. v. Deere and Co.*, 229 F.R.D. 189, 192 (D.N.M. 2004) (citing *Klein v. Grynberg*, 44 F.3d 1497,

1506 (10th Cir. 1995)). Available costs are limited to those specified in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

The prevailing party bears the initial burden of establishing the amount of costs to which it is entitled, and these costs must be reasonable. *In re Williams Sec. Litig.*, 558 F.3d 1144, 1148 (10th Cir. 2009). However, "[o]nce a prevailing party establishes its right to recover allowable costs . . ., the burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed." *Id.* (internal quotations omitted). A court should therefore articulate valid reasons when costs are denied. *Id.* at 1447.

District courts have "broad discretion" in awarding costs. *Id.* at 1148 (internal quotations omitted). Where 28 U.S.C. § 1920 generally permits costs only for items "necessarily obtained for use in the case," it is the role of the district court to determine what items were reasonably necessary. *See U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1248 (10th Cir. 1988), overruled on other grounds as recognized by *Anixter v. Home–Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir.1996). It is ordinarily best to judge reasonable necessity under § 1920 in light of the facts known to the parties at the time the expenses were incurred. *Merrick v. N. Natural Gas Co.*, 911 F.2d 426, 434 (10th Cir. 1990). A court must recognize that "proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation. . . ." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). A district

2

court may therefore find necessity even where the materials or services were not ultimately used at trial or necessary to dispose of the case. *Id.*; *In re Williams*, 558 F.3d at 1148-49. However, it is not enough that the materials merely added to the convenience of the parties. *Id.* at 1147.

II. ANALYSIS

### A. *Affidavit of costs*

Plaintiff contends that the Court should not award costs to Defendants because they failed to include an affidavit with their Bill of Costs. *Doc. 264* at 1. Defendants argue that the failure to submit an affidavit should not be fatal to their request for costs because (a) the original Bill of Costs was signed by defense counsel and therefore constitutes a sworn statement that the costs were "reasonably necessary for use in defense of Plaintiff's claims," *doc. 263* at 1, and (b) in the alternative, Defendants cured this defect by submitting an affidavit with their Reply. The Court agrees that Defendants remedied this defect, and therefore declines to find that the failure to submit an affidavit with the original Bill of Costs is fatal to Defendants' request.

### B. *Non-deposition Transcription costs*

Defendants submitted transcription costs in the amount of $14,861.72 for transcripts of interviews, dispatch audio tapes, belt tapes, Plaintiff's polygraph, Plaintiff's *Miranda* warning, grand jury proceedings, and daily transcripts of the instant

trial. *Doc. 263* at 1-2. Plaintiff objects to the entirety of the transcription costs solely on the basis that the claimed costs are not taxable under Local Rule 54.2(a).

Rule 54.2(a) provides that "[t]he cost of an original transcript of a court proceeding is taxable when requested by a party and authorized by the Court before transcription." D.N.M.LR-Civ. 54.2(a). Plaintiff argues that transcription costs are only taxable if they fall within Local Rule 54.2(a). Therefore, any transcription that is not both (i) of a court proceeding and (ii) pre-authorized by the Court is not taxable. It is undisputed that most of Defendants' claimed costs for transcription would not be taxable under this standard. However, the Court is persuaded by Judge Browning's reasoning in *Guidance Endodontics, LLC v. Dentsply International, Inc.*, which concluded that Local Rule 54.2 does not necessarily limit the statutory authority under 28 U.S.C. § 1920 to award costs to a prevailing party. 791 F. Supp. 2d 1014, 1019-21 (10th Cir. 2011). Rather, the Local Rule serves as an "alternative basis on which the Court can base its authority to award costs." *Id.* at 1019. Nevertheless, district courts should not deviate from the Local Rule if it would undermine the policy behind the rule, which for this Rule is to "avoid needless or excessive expenses in producing the transcripts and to provide notice to the opposing party of costs that may be shifted." *Id.* at 1021-22.

In order to be taxable, section 1920(2) does not require that a transcript be either "of a court proceeding" or pre-authorized by the Court. Instead, the court may tax as

4

costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).[1]

With respect to Categories 1-13, the Court finds that they were "necessarily obtained for use in the case." Each transcript comes from the officers' belt tapes or interviews/testimony of relevant witnesses.[2] At the time the cost was incurred, these transcripts were reasonably necessary given the "contingencies which may arise during the course of litigation." *Callicrate*, 139 F.3d at 1340. Next, the Court must consider whether taxing these costs, notwithstanding the fact that they fall outside Local Rule 54.2(a), would undermine the policies behind the Local Rule. "The policies underlying the requirement that litigants seek authorization from the Court before requesting a transcript is to avoid needless or excessive expenses in producing the transcripts and to provide notice to the opposing party of costs that may be shifted." *Guidance Endodontics*, 791 F. Supp. 2d at 1022. Under the circumstances of the costs for categories 1-13, the Court does not find that taxing them to Plaintiff would undermine these policies. Therefore, as the prevailing party, Defendants will be awarded the costs for the transcripts listed in Categories 1-13.

---

[1] Before 2008, this subsection was limited to "stenographic transcript[s]" by a "court reporter." 28 U.S.C. § 1920(2) (1978) (amended 2008). In 2008, Congress amended the subsection to permit recovery of a broader category of costs. Judicial Administration and Technical Amendments Act of 2008, Pub. L. No. 110–406, sec. 6(1), § 1920(2), 122 Stat. 4291 (2008). Under the amended statute, a prevailing party must still show that transcripts in question were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).
[2] While the Court does not recognize each and every person on the transcript list, Plaintiff does not argue that any of them were not significant witnesses.

In Category 14, Defendants claim their costs for the daily transcripts of the jury trial in this case. *Doc. 263* at 2, Ex. A, pt. 2. As with the other categories, Plaintiff objects because Defendants failed to receive prior authorization from the Court as would be required pursuant to Local Rule 54.2(a). Plaintiff further argues that Defendants have failed to make the "showing of need for daily transcripts of the trial."

Defendants have failed to explain why the daily transcripts were "necessarily obtained." Moreover, even assuming they could make this showing, the Court will not excuse the failure to obtain prior authorization for this cost. Even in the absence of a local rule requiring prior authorization, "[a]s a general rule, taxation of costs for daily copy is not allowed absent prior court approval." *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 878 F. Supp. 1417, 1426 (D. Kan. 1995) (citation omitted). Certainly, the premium associated with daily transcription factors into this presumption. *See U.S. Indus.*, 854 F.2d at 1248. The Court also notes that obtaining prior approval from the Court is particularly easy and appropriate given that counsel can make such a motion after each day of trial. Requiring such requests contemporaneously permits opposing counsel to address the alleged necessity of the expedited transcript and permits the Court the opportunity to limit the expense by approving only certain portions of testimony. This case was neither so complex nor so lengthy as to justify overlooking the lack of prior approval. *See, e.g., Battenfeld of Am. Holding Co., Inc. v. Baird, Kurtz & Dobson*, 196 F.R.D. 613, 618 (D. Kan. 2000); c*f. Griffith v. Mt. Carmel Medical Center*, 157 F.R.D. 499, 506 (D.

6

Kan. 1994). Doing so would undermine the policies behind the local rule requiring such approval. Thus, the Court will not tax the daily transcription cost to Plaintiff.

For the foregoing reasons, the Court will award Defendants' non-deposition transcription costs in the amount of $4,049.05.

### C. *Deposition Transcription Costs*

In their Bill of Costs, Defendants seek deposition transcription costs for sixty separate witnesses, for a total of $16,971.26. Plaintiff objects to Defendants' deposition costs on the following grounds: (1) Defendants may not, pursuant to Local Rule 54.2(b), recover costs for depositions of witnesses that did not testify at trial, (2) Defendants may only recover costs for the twenty depositions permitted by the Court's Scheduling Order (*doc. 21*), (3) Defendants should not be permitted to recover costs for multiple depositions of the same witness, (4) Defendants may not recover costs for the deposition transcript of Gregg Stutchman (item 50) because expert costs are not taxable,[3] and (5) the rules do not authorize Defendants to tax the cost of depositions of the named Defendants.

In their reply, Defendants agree to amend their Bill of Costs to exclude the depositions of the five witnesses that were not listed on Plaintiff's witness list: Michelle Campbell, Nina Fox, Concepcion S. Acosta, Charles A. Dietl, M.D., and Charles Honts,

---

[3] Plaintiff similarly objected to the deposition transcript cost of Charles Honts. *See doc. 264* at 4. As Defendants have withdrawn their request for that cost, the Court need not address the objection. *See doc. 267* at 6.

Ph.D. *Doc. 267* at 5-6. For the remaining depositions, Defendants contend that the cost for the transcripts are recoverable under 28 U.S.C. § 1920 because they were "necessarily obtained for use in the case." *Doc. 267* at 5.

Plaintiff's first argument is based on the same premise as his objection to the non-deposition transcripts – that, unless Defendants comply with the local rule, the costs are not taxable. As before, the Court rejects the contention that Local Rule 54.2 necessarily limits the statutory authority under 28 U.S.C. § 1920 to award costs to a prevailing party. In fact, as to deposition transcripts, the Local Rule expressly provides for the Court to determine if a deposition is reasonably necessary even if the deposition does not fall within the two presumptively taxable categories. *See* D.N.M.LR-Civ. 54.2(b)(2). With the withdrawal of the deposition transcript costs associated with the five individuals listed above, each of the witnesses to whose deposition costs Plaintiff objects were listed by Plaintiff as potential witnesses on his final pretrial witness list. *See doc. 171*. While the "most direct evidence of necessity is the actual use of materials obtained by counsel or the court," the fact that an individual is listed as potential witnesses by opposing counsel is strong evidence of the necessity of that person's deposition transcript. *See Callicrate v. Farmland Indus. Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998) (quoting *U.S. Indus.*, 854 F.2d at 1245-46). This Court agrees with the other judges in this District who have held that such deposition transcript costs should be and are

taxable. *See Guidance Endodontics,* 791 F. Supp. 2d at 1022; *Carleton v. Wal-Mart Stores, Inc.*, 99-cv-965, *doc. 111*, at 3-4 (D.N.M. Feb. 6, 2011).

Plaintiff next argues that Defendant should not be able to recover for depositions that exceeded the number provided for in the discovery order or for follow-up depositions. Because Plaintiff did not object to the taking of these depositions on the basis of the discovery order, it does not serve as a basis to deny costs. Moreover, as to the follow-up depositions, the Court notes that this litigation spanned a number of years, and, whenever multiple depositions were taken of the same witness, they were generally taken at least one year apart.

Plaintiff specifically objects to the $700 cost attributed to Gregg Stutchman's deposition. *Doc. 264* at 4. Plaintiff points to Local Rule 54.2(c)(2) as the basis for the objection. The rule provides that "[a]n expert witness fee is not taxable under § 1920 unless the Court … appoints the expert and approves the fee amount." D.N.M.LR-Civ. 54.2(c)(2). However, the $700 cost for which Defendants seek reimbursement was not an expert witness fee paid to the expert. It was the cost of Mr. Stutchman's deposition and was paid to the court reporter. *See doc. 263*, Ex. 1 pt. 2 at 13. As such, it is governed by the same standards applied above. Because Mr. Stutchman was listed on Plaintiff's final witness list, the Court finds the cost of his deposition transcript to have been reasonably necessary to the litigation and, thus, taxable.

9

Finally, Plaintiff specifically objects to being taxed for the deposition transcript costs of the named Defendants. The extent of Plaintiff's support for this argument is his bald contention "that the rule does not authorize Defendants to tax the cost of the depositions for the named Defendants." *Doc. 264* at 3. The Tenth Circuit has rejected this argument as "border[ing] on the absurd . . . . If the depositions of the three named defendants in the case are not necessary to the litigation, we fail to see how any deposition would qualify as a recoverable cost." *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000).

Based on the foregoing, the Court overrules all Plaintiff's objections to the deposition transcript costs sought by Defendants and they are awarded $15,859.21 for this category.

### D. Witness Fees

Defendants claim witness fees paid to 37 witnesses – some at depositions and some at trial -- in the amount of $6,665. Plaintiff objects to awarding fees for 23 of these witnesses on the grounds that Defendants did not call these witnesses at trial and therefore "their fees do not fall within D.N.M.L.R 54.2(c)." *Doc. 264* at 3. Plaintiff also objects to all witness fees in excess of the federal per diem amount of $40.

Witness fees are recoverable as costs under section 1920(3), including fees for attendance at a deposition. *See Karsian v. Inter-Reg'l Fin. Grp., Inc.*, 13 F. Supp. 2d 1085, 1091 (D. Colo. 1998). With respect to depositions, the witness fee is taxable when the

10

deposition is "found reasonably necessary to the litigation." D.N.M.LR-Civ. 54(c)(1)(A). For each of the witness fees affiliated with a deposition appearance, the Court has previously determined the underlying deposition was reasonably necessary. *See supra* pp. 7-10. The Court therefore finds taxable the witness fees for items 1-25, 32, and 34-37.

The Court now turns to the issue of whether Defendants' should be awarded witness fees in the amount of $40 or $95 per diem. Defendants argue that many of the fees were paid to witnesses for depositions in the underlying state court matter, which were later utilized in this litigation. *Doc. 267* at 7 n.2. As such, they should be reimbursed $95 per diem for each witness, the amount permitted under New Mexico state law.

The Court disagrees. Because "the awarding of costs is contingent upon a determination that there is a statute authorizing such an award," the Court does not have statutory authority to tax witness fees beyond the amount of $40 provided in 28 U.S.C. § 1821. *Griffith*, 157 F.R.D. at 503; *see also Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1150 (10th Cir. 1991) ("The witness fee for an expert witness who is not court-appointed is limited to the thirty dollar per day limit [now forty dollars] authorized in 28 U.S.C. § 1821(b)."). Even if the Court had the authority, it would not find that expenditure of the excess amount was reasonably necessary for the purposes of the federal trial.

As to the remaining items (26-30), these appear to be fees for experts. 28 U.S.C. § 1920 provides that a court may tax as costs "[f]ees and disbursements for . . . witnesses"

11

and compensation for "*court appointed* experts." 28 U.S.C. §§ 1920(3), 1920(6) (emphasis added). Local Rule 54.2(c)(2) further explains that "[a]n expert witness not appointed by the Court will be paid the same fee as a lay witness." D.N.M.LR-Civ. 54.2(c)(2). *Accord Ortega v. IBP, Inc.*, 883 F. Supp. 558, 563 (D. Kan. 1995) ("A prevailing party, however, may tax the $40.00 per day witness fee for the expert witness."). The Court will therefore permit Defendants to recover only the $40 lay witness fee for these individuals, provided they were called at trial or for a deposition.

The Court therefore awards $40 for each witness listed in Defendants' Bill of Costs who attended trial or a deposition,[4] for a total of $1,400.00.

### E. Expert Witnesses

In their Bill of Costs, Defendants seek expert witness fees of $16,711.31 for services provided by Dr. Brian Shelley and David Grossi. *Doc. 263* at 6. Plaintiffs counter, citing Local Rule 54.2(c)(2) for the proposition that "[e]xpert fees are not taxable." *Doc. 264* at 4.

Defendants agree to withdraw their request for costs with respect to both Mr. Grossi and Dr. Shelley. Plaintiff's objection with respect to the expert witness costs of $16,711.31 is therefore sustained.

---

[4] This excludes items 31 and 33 as Defendants withdrew their request for those fees. *See doc. 267* at 7.

**III. CONCLUSION**

For the foregoing reasons, the Court SUSTAINS IN PART Plaintiff's objections to Defendants' Bill of Costs.[5]  Costs are taxed for Defendants, and against Plaintiff, in the amount of $21,308.26.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

---

[5] As noted elsewhere, the Court has not addressed Plaintiff's objections to the extent that Defendants withdrew their request to the disputed cost. *See, e.g., doc. 267* at 7 (withdrawal of request for costs of $16,711.31 with respect to both Mr. Grossi and Dr. Shelley).